NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN WILLIS MOTHERSHEAD, *Appellant*.

Nos. 1 CA-CR 15-0437, 1 CA-CR 15-0513 (Consolidated)
FILED 9-15-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-004409-001
The Honorable Joseph C. Kreamer, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant in 1 CA-CR 15-0437*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant in 1 CA-CR 15-0513*

---

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

---

**S W A N N**, Judge:

**¶1**　　　　These appeals[1] come to us under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).　John Willis Mothershead ("Defendant") appeals his convictions and sentences for arson of a structure or property and for theft, and he appeals the court's order requiring him to pay restitution.　Defendant was given the opportunity to file supplemental briefs *in propria persona*, but he did not do so.　We have reviewed the record for fundamental error.　*See Anders*, 386 U.S. 738; *Smith v. Robbins*, 528 U.S. 259 (2000); *State v. Clark*, 196 Ariz. 530 (App. 1999).

**¶2**　　　　At trial, the state presented evidence of the following facts. In April 2013, Defendant was employed by a produce-delivery company in downtown Phoenix.　The owners regularly stored the company's cash intake in a locked safe within an on-premises computer-server room.　The safe usually contained a significant amount of cash, a fact that one of the owners had told Defendant.　Defendant did not have a key to the server room door, nor did he have a key or the combination to the safe.　He did, however, have a key to the building's west exterior door and one of its tool rooms, and he had access to the company's list of its employees' door passcodes.

**¶3**　　　　On the night of April 27, 2013, a person entered the west door of the closed building.　The person caused no damage to the building, and used the door passcode of an employee other than Defendant.　The person retrieved a pry bar, forced open the server room door, pried open the safe and took the many tens of thousands of dollars of cash within, and used gasoline to light a fire beneath the computer-system equipment.　One of the owners discovered the aftermath the next morning, and another employee discovered that a pry bar was missing from the tool rooms.

---

[1]　　　Appeals 1 CA-CR 15-0437 and 1 CA-CR 15-0513 are hereby consolidated, with 1 CA-CR 15-0437 designated as the primary number.

**¶4**		Numerous employees who reviewed the company's surveillance video, which survived the computer-system fire, independently identified the perpetrator as Defendant based on his gait and mannerisms. Defendant denied responsibility and told law enforcement that on the night in question he had visited a mall to eat dinner and view a movie. But surveillance video from the mall showed that though Defendant had purchased a movie ticket, he never entered the theater or the restaurant.

**¶5**		The foregoing evidence was sufficient to support Defendant's class 4 felony conviction for arson and class 2 felony convictions for theft. A person commits arson of a structure or property, a class 4 felony, "by knowingly and unlawfully damaging a structure or property by knowingly causing a fire or explosion," A.R.S. § 13-1703, and commits class-2-felony theft "if, without lawful authority, [he] knowingly . . . [c]ontrols property of another with the intent to deprive the other person of such property" and the property is worth at least $25,000, A.R.S. § 13-1802(A)(1), (G).

**¶6**		Before sentencing, Defendant stipulated to one historical prior felony conviction, and to the fact that he was on probation in April 2013. Further, at sentencing, the state provided sufficient evidence to show that Defendant had two or more historical prior felony convictions. Under A.R.S. §§ 13-703(C), (J) and -708(C), the court properly sentenced Defendant as a category 3 repetitive offender and imposed legal concurrent prison sentences of 17 years for the theft and 12 years for the arson. The court properly credited Defendant with 237 days of presentence incarceration under A.R.S. § 13-712(B).

**¶7**		We discern no fundamental error in Defendant's convictions and sentences. Defendant was present and represented by counsel at all critical stages; the jury was properly comprised and instructed; and there is no evidence of any juror misconduct or bias. Defendant was permitted to speak at sentencing, and the court stated on the record the materials it considered and the factors it found in imposing sentence.

**¶8**		Further, we discern no fundamental error in the court's order that he pay restitution to the produce company's insurer in the amount of $86,450.58 and to the produce company's owners in the amount of $173,000. The evidence established that the insurer paid at least $86,450.58 to the company for its losses, and that, in accordance with policy limits, only $25,000 of that recovery was for the stolen cash. The evidence further established that though the owners could not be certain of the amount of cash in the safe at the time of the theft, their estimate of

$173,000 (after offsetting the $25,000 in insurance proceeds) was conservative and consistent with historical records.

**¶9**        We affirm Defendant's convictions and sentences, and we affirm the restitution order. Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Defendant of the status of this appeal and his future options. *Id.* Defendant has 30 days from the date of this decision to file a petition for review *in propria persona. See* Ariz. R. Crim. P. 31.19(a). Upon the court's own motion, Defendant has 30 days from the date of this decision in which to file a motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA